# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DWAINE B. COPELAND,

     Plaintiff,

-vs-                               Case No.  8:08-CV-913-T-30TGW

BRADENTON POLICE DEPT., et al.,

     Defendants.

_____/

# ORDER

THIS cause comes before the Court on a civil rights complaint initiated by *pro se* Plaintiff, Dwaine B. Copeland, an inmate at Manatee County Jail, pursuant to 42 U.S.C. § 1983 (Dkt. 1).  Plaintiff's request to proceed *in forma pauperis* was granted (Dkt. 4).

## BACKGROUND

Plaintiff asserts that his Fourth Amendment right to be free from unreasonable searches and seizures, his Fifth Amendment right to due process, and his Eighth Amendment right to be free from cruel and unusual punishment were violated by Defendants, the Bradenton Police Department and Officer Michael Page, when on February 11, 2008,[1] Officer Page falsely arrested and imprisoned Plaintiff, and assaulted him by grabbing him and pushing him to the ground to arrest him (Dkt. 1, pp. 8-9).  Plaintiff alleges that he was walking in the street when Officer Page stopped him and ordered him to get out of the street

---

[1]Officer Page's Probable Cause Affidavit states Plaintiff was arrested on February 11, 2008, at 12:49 a.m., and Plaintiff was charged with resisting/obstructing with violence (Dkt. 1, p. 11)

and walk on the sidewalk (Id.). Plaintiff complied and walked onto the sidewalk (Id.). Officer Page told Plaintiff that he needed to speak with him, but Plaintiff continued to walk away on the sidewalk[2] (Id., p. 11). Officer Page told Plaintiff that he needed to stop to speak to him, and Plaintiff told him that he did not have to talk to him if he was not under arrest (Id., pp. 9, 11). Officer Page informed Plaintiff that he could issue Plaintiff a citation for failing to use the sidewalk, and that he could take Plaintiff to jail for refusing to sign the citation (Id., p. 11). Plaintiff then began to walk away from Officer Page, and Officer Page walked after him and grabbed his arm to take him into custody (Id). Plaintiff attempted to get away from Officer Page, then Officer Page grabbed Plaintiff's jacket and told him not to resist and that he was under arrest (Id., pp. 11-12). Plaintiff continued to struggle with Officer Page and try to get away (Id., p. 12). Plaintiff alleges Officer Page pushed him to the ground to arrest him (Id., p. 9).

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

---

[2]Portions of the facts are derived from Officer Page's Probable Cause Affidavit which Plaintiff attached as an exhibit to his complaint (Dkt. 1, pp. 11-12). "Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985). "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.1940).

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.   The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A.

Plaintiff alleges that Defendants have violated 42 U.S.C. § 1983. The initial inquiry must, therefore, focus on whether the two essential elements to a § 1983 action are present:

(1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 800 (11th Cir. 1988), *aff'd by, Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  Absent these elements, this Court lacks jurisdiction

over this claim.  Petitioner fails to demonstrate that he can satisfy the second prong of this test.

## CLAIMS AGAINST BRADENTON POLICE DEPARTMENT

Plaintiff names the Bradenton Police Department as a defendant in this action. "[P]olice departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Moreover, in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, (1978), the United States Supreme Court concluded that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." The Court further specified that "a municipality can be liable under § 1983 only where its policies are the 'moving force' behind the constitutional violation." *Id*. at 694.  However, it is well established that municipal liability under § 1983 is limited to those that are caused by the government's policymaking, and the plaintiff  must identify a municipal "policy" or "custom" that caused the injury.  *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1982).  As such, municipal liability under § 1983 may not rely simply on the basis of respondeat superior.  *See Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991).

The complaint fails to allege that a policy or custom of the Bradenton Police Department was the moving force behind an alleged constitutional violation. The complaint neither identifies an officially adopted or promulgated municipal policy (or act of an official with final policy-making authority) that caused the alleged constitutional violations. Accordingly, the Plaintiff's claims against the Bradenton Police Department are due to be

dismissed.

## CLAIMS AGAINST OFFICER PAGE

### a. False Arrest

First, Plaintiff essentially alleges that Officer Page violated his rights under the Fourth Amendment because he falsely arrested him. An arrest without probable cause violates the Fourth Amendment. *Durruthy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003). To succeed on a Section 1983 claim for false arrest, a plaintiff must demonstrate the absence of probable cause. "[T]he standard for determining whether probable cause exists is the same under Florida and federal law...In order for probable cause to exist, 'an arrest [must] be objectively reasonable under the totality of the circumstances'...This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. Fla. 1998)(internal citations omitted).

Initially, in Florida "[a] police officer may temporarily detain a person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a crime." *J.D. v. State*, 568 So. 2d 99, 100 (Fla. 3rd DCA 1990)(citing Section 901.151, Fla. Stat.).[3] *See also, Delaware v. Prouse*, 440 U.S. 648, 654-655

---

[3]Section 901.151(2) states "[w]henever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, the officer may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding the person's presence abroad which led the officer to believe that the person had committed, was committing, or was about to commit a criminal offense."

5

(1979)(officers may detain a suspect briefly for questioning if the officers have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity). Accordingly, because he saw Plaintiff walking in the road where a sidewalk was available,[4] Officer Page was entitled to temporarily detain Plaintiff regarding the matter.

Likewise, because Officer Page was justified in detaining Plaintiff, and Plaintiff knew Officer Page intended to detain him, Officer Page had probable cause to arrest Plaintiff for obstructing an officer when Plaintiff refused to stop, told Officer Page he would not stop and talk with him, and walked away. *See, J.D.H. v. State*, 967 So. 2d 1128, 1130 (Fla. 2d DCA 2007)("[A]n individual is guilty of resisting or obstructing an officer by flight only if he flees while knowing of the officer's intent to detain him *and* if the officer is justified in detaining the individual before he flees.")(emphasis in original). Consequently, because Officer Page had probable cause to arrest Plaintiff, he did not violate Plaintiff's Fourth Amendment rights.

**b. Excessive Force**

Furthermore, because Officer Page was justified in detaining Plaintiff, he was also justified in using reasonable force to detain Plaintiff.  The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). The Eleventh Circuit Court of Appeals recognizes that the typical arrest involves the use of some force and injury. *See Nolin v. Isbell*, 207 F.3d 1253, 1257-58 (11th Cir. 2000).  When determining

---

[4]Section 316.130(3), Fla. Stat. states "[w]here sidewalks are provided, no pedestrian shall, unless required by other circumstances, walk along and upon the portion of a roadway paved for vehicular traffic."

whether an officer used excessive force, the Court is required to evaluate the use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *See Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993). Because Plaintiff refused to stop, Officer Page was justified in grabbing Plaintiff by the arm and jacket.  When Plaintiff resisted, Officer Page was justified in using further force, including taking Plaintiff to the ground as Plaintiff alleges.

Moreover, Plaintiff has alleged no physical injury as a result of Officer Page grabbing his arm and jacket and taking him to the ground.  Therefore, the Court finds that under all the circumstances, Officer Page's actions were not sufficiently severe to rise to the level of excessive force as contemplated by the protection of the Fourth Amendment. *See, e.g., Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2002) (holding that painful handcuffing, without resulting significant injuries, is not excessive force).

### c. Eighth Amendment, Fifth Amendment Claims

After consideration, the Court finds that Plaintiff's claims are properly addressed under the Fourth Amendment rather than the Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989)(all claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment's reasonableness standard).  The Court also finds that no relief is available to Plaintiff under the Fifth Amendment in that all Defendants are state actors. *See Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997)(the Fifth Amendment applies to actions by federal officials, not actions by state officials).  Therefore, Plaintiff's Fifth and

Eighth Amendment claims are subject to dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is subject to dismissal for failure to state a claim for which relief can be granted.

ACCORDINGLY, the Court **ORDERS** that:

1.      The complaint is **DISMISSED** (Dkt. 1).

2.      The Clerk shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 18, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

8